UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE ELECTRICAL WORKERS'
PENSION TRUST FUND OF LOCAL UNION #58,
I.B.E.W., DETROIT, MICHIGAN,

        Plaintiff,

                                            Case No. 12-11195
v.                                     Honorable Julian Abele Cook, Jr.

METRO ELECTRIC ENGINEERING
TECHNOLOGIES COMPANY and RADIANT
ENERGY CO.,

        Defendants.

## ORDER

This case relates to claims by the Plaintiffs, Trustees of the Electrical Workers' Pension Trust Fund ("Trustees"), who collectively contend that the Defendants, Metro Electric Engineering Technologies Company ("Metro Engineering") and the Radiant Energy Company ("Radiant Energy"), breached their respective obligations to remit contributions to the pension fund

On August 10, 2012, a default judgment was entered against Radiant Energy. Currently before the Court is a motion by the Plaintiffs for the entry of a summary judgment against the remaining Defendant, Metro Engineering, as it applies to Count One in the Complaint.

I.

The multi-employer pension fund, which is the subject matter of this lawsuit, is administered pursuant to Section 302 of the Labor-Management Relations Act, 29 U.S.C. § 186 and the Employee Retirement Income Security Act, 29 U.S.C. § 1001. Defendant Metro Engineering was bound by a

collective bargaining agreement with Local Union #58, which required it to make periodic contributions to the Electrical Workers' Pension Fund on behalf of its employees.

According to the Plaintiffs, Metro Engineering was contractually obligated to remit contributions to the pension fund pursuant to the parties' collective bargaining agreement until June 27, 2010. Thereafter, Metro Engineering employees continued to perform the same work that had been covered by the parties in their collective bargaining agreement with Local Union #58, and for which contributions to the pension fund were required. Although Metro Engineering ceased to have made any contractual obligation to continue its contributions to this pension fund beyond the June 27th deadline, its workers nevertheless continued to perform work of the type for which their contributions to the pension fund had been required.  Therefore, Metro Engineering caused a withdrawal of liability to occur as authorized by §4203(b)(2) of ERISA, 29 U.S.C. §1383(b)(2).

On September 26, 2011, the Plaintiffs forwarded a "Notice of Assessment of Employer Withdrawal Liability" (to wit, $190,732.00) to Metro Engineering. Several days later (November 14th), they - following a series of exchanges in correspondence between the parties - forwarded a notice of an overdue payment to Metro Engineering, citing to § 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A). When no payments were received from Metro Engineering by March 1st of the following year, 2012, the Plaintiffs claimed a right to assign a notice of default and acceleration of liability upon Metro Engineering for its failure to remit payment pursuant to § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).  No demand for arbitration has been received by the Plaintiffs from Metro Engineering.

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004).

When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Under these circumstances, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion

only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

The Plaintiffs submit that they are entitled to an award of "withdrawal liability" against Metro Engineering. The term, "withdrawal liability," is derived from the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. § § 1381-1453, which amended portions of ERISA to increase the financial liability of those employers who withdraw from underfunded employee benefit plans. Thus, "withdrawal liability" can be assessed whenever an employer - after participating in a pension plan - withdraws from a multi-employer benefit plan that had been developed through a collective bargaining process. "An employer's withdrawal liability is its proportionate share of the plan's unfunded vested benefits, that is, the difference between the present value of vested benefits (benefits that are currently being paid to retirees and that will be paid in the future to covered employees who have already completed some specified period of service, 29 U.S.C. § 1053) and the current value of the plan's assets." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 609 (1993) (internal quotations and citations omitted).

If an employer withdraws from a multi-employer plan, the ERISA plan trustees must notify the employer of its withdrawal liability and the schedule for the payment of the indebtedness. 29 U.S.C. § 1399(b)(1). Disputes over the amount of withdrawal liability are generally subject to arbitration. 29 U.S.C. § 1401(a)(1). If an employer does not satisfy its withdrawal liability, the trustees are authorized to initiate a lawsuit to collect the deficiency in a federal court. 29 U.S.C. §§ 1451(a)(1), (b) ("In any action under this section to compel an employer to pay withdrawal liability,

any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution.)

The Plaintiffs proclaim that they are entitled to a judgment because the undisputed facts show that Metro Engineering (1) withdrew from the pension fund, (2) received a proper notice of the assessment of withdrawal liability, and (3) failed to seek arbitration within the permitted time. Thus, they now seek a judgment because, in their opinion, Metro Engineering is precluded by law from challenging the amount of withdrawal liability. Metro Engineering disagrees, contending that the Plaintiffs' request for a summary judgment is inappropriate because it should not be held responsible for the withdrawal liability amounts that are attributed to Radiant Energy.

Metro Engineering was assessed with employer withdrawal liability of $190,732.00. Objections to employer withdrawal liability assessments are subject to the statutory dispute resolution procedures that have been outlined in 29 U.S.C. §1399. "Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under Sections 4201 through 4219 shall be resolved through arbitration." ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1). This statute further states that "[i]f no arbitration proceeding has been initiated pursuant to subsection (a) of this section, the amounts demanded by the plan sponsor under section 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection." 29 U.S.C. § 1401(b).

An examination of the record in this cause reveals that (1) the deadline for making a demand for arbitration has passed, and (2) Metro Engineering has elected not to pursue the contested issues through arbitration of the issues relating to its withdrawal liability. The Court concludes that (1) Metro Engineering has waived any defenses and objections it could have raised in arbitration, (2)

the Plaintiffs are entitled to the sum of $190,732.00, in addition to interest at a rate as determined by 29 C.F.R. §4219.32 from and after September 28, 2011. In addition, these Plaintiffs are entitled to post-judgment interest on the total judgment amount as provided for in 28 U.S.C. §1961. Finally, the Plaintiffs may be entitled to an award of reasonable attorney's fees. *See* ERISA §502(g)(2), 29 U.S.C. § 1132(g)(2). Thus, and for the reasons that have been outlined above, the Court grants the Plaintiffs' motion for summary judgment on Count 1. (ECF 14).

    IT IS SO ORDERED.


Date: October 23, 2012                                            s/Julian Abele Cook, Jr.
                                                                                      JULIAN ABELE COOK, JR.
                                                                                      United States District Judge